**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEWAYNE ANTWON THOMPSON,

    Defendant - Appellant.

No. 23-6214
(D.C. No. 5:06-CR-00212-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Defendant Dewayne Antwon Thompson appeals the revocation sentence imposed by the district court for Thompson violating the terms of his supervised release. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm Thompson's revocation sentence.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In 2007, Thompson pleaded guilty to one count of knowingly and intentionally distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a term of imprisonment of 135 months, to be followed by a five-year term of supervised release. Following two sentence modifications, Thompson was released from prison and began his first term of supervised release on January 20, 2012. Thompson's first term of supervised release was revoked on May 7, 2014, and he was sentenced to a term of imprisonment of twenty-four months, to be followed by a sixty-month term of supervised release.

In October 2023, while Thompson was on supervised release, his probation officer filed a petition with the district court alleging that Thompson had committed four violations of the mandatory conditions of his supervised release. The district court held a revocation hearing on December 12, 2023. At the outset of the hearing, Thompson's counsel admitted two of the violations: (1) that Thompson submitted a urine specimen in November 2022 that tested positive for cocaine and subsequently admitted to his probation officer that he smoked a cigarette that contained cocaine; and (2) that Thompson submitted diluted urine specimens on three occasions in June and July 2022. The government then presented three witnesses in support of the remaining two alleged violations. At the conclusion of the testimony, the district court found that Thompson had violated the terms of his supervised release by possessing and brandishing a firearm during a domestic violence incident. The district court then sentenced Thompson to a term of imprisonment of

2

thirty-six months, to be followed by a five-year term of supervised release.  In doing so, the district court stated on the record "that a guideline sentence is not sufficient . . . to satisfy the statutory objectives of sentencing."  R., Vol. 3 at 62.  The district court noted, in particular, that Thompson's possession and brandishing of a firearm during a domestic violence incident was "a matter of serious concern from the standpoint of the need to protect the public and on the basis of the seriousness of the nature and circumstances of the offense."  *Id.* at 61–62.

Thompson now appeals the revocation sentence.

## II

Thompson argues that the revocation sentence imposed by the district court was not substantively reasonable.  Thompson notes in support that the thirty-six month term of imprisonment "was double the top end of the recommended guideline range of 12 to 18 months."  Aplt. Br. at 6.  He argues that "[t]here was insufficient cause to issue an upward variance," and "[t]he district court ignored and/or devalued significant mitigating factors," including the fact that he "had a tough life," was holding a job on supervised release, was "in a very complicated personal relationship with the victim" of the domestic violence incident, and "was heavily intoxicated" at the time of that incident.  *Id.* at 6, 9–10.

"We review the substantive reasonableness of a sentence for abuse of discretion."  *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir. 2021).  Under this standard of review, we give "substantial deference to the district court's determination" and will "overturn [the] sentence as substantively unreasonable only

if it is arbitrary, capricious, whimsical, or manifestly unjust." *Id.* Further, where, as here, the district court imposes an above-Guidelines sentence, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Peña*, 963 F.3d 1016, 1029 (10th Cir. 2020 (internal quotation marks omitted).

In announcing its sentence, the district court stated that it had considered Thompson's "history and characteristics." R., Vol. 3 at 61. The district court acknowledged that "it may well be that [Thompson] was doing well on supervision," noting that "[h]is record was not spotless." *Id.* The district court concluded, however, that Thompson's general record on supervision "d[id] not detract from . . . the danger" his conduct during the domestic violence incident posed "to the public" and "to people within his circle of family members and acquaintances and neighbors." *Id.* Specifically, the district court noted that Thompson's "proclivity to get vocal and violent and make threats and brandish a gun" was "a matter of serious concern." *Id.* The district court also noted that this serious misconduct occurred "against the backdrop of" Thompson's criminal history of "dealing crack." *Id.* at 62. The district court stated:

> I have no reason to believe that he returned to that way of life after he was released, but the fact that we had an individual convicted of that serious crime, originally sentenced to 135 months of incarceration, which was amended to 108 months and then was amended to time served, and then had a revocation sentence of 24 months, gives me serious concern as to the prospects for Mr. Thompson redirecting his life in a productive and constructive and law-abiding direction.

4

*Id.* Ultimately, the district court "conclude[d] that a guideline sentence [wa]s not sufficient" and that an above-guideline sentence of thirty-six months' incarceration, along with an additional term of supervised release of five years, was appropriate. *Id.*

Based upon this record, we conclude the district court did not abuse its discretion in imposing a sentence above the Guidelines sentencing range. The reasons cited by the district court in support of the sentence imposed, which are essentially undisputed, are, in our view, sufficiently compelling to support the length of the selected sentence.

III

We AFFIRM the revocation sentence imposed by the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge